## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### ABE ROSEN v. MRS. HENRIETTA SACHS.

November 12, 1925.

LANDLORD AND TENANT—*Lease—Evidence Held Not to Show Lease by Agent of Landlord—Case at Bar.*—The instant case was an action of unlawful detainer. Defendant claimed that plaintiff, through her authorized agent, her son, had leased him the property for two years, but failed to prove such lease. Admitting all of defendant's testimony to be true, it only showed that the agent promised to get a lease from his mother, who was the owner of the property, at $65.00 per month, for a term of two years, and failed to do so. Nothing was done by the parties to create the relation of landlord and tenant.

Error to a judgment of the Corporation Court of the city of Clifton Forge, in an action of unlawful detainer. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*O. B. Harvey,* for the plaintiff in error.

*R. C. Stokes* and *S. D. Timberlake, Jr.,* for the defendant in error.

WEST, J., delivered the opinion of the court.

Henrietta Sachs brought an action of unlawful detainer against Abe Rosen to recover possession of a certain storeroom in the city of Clifton Forge. There was a verdict and judgment for the plaintiff and the defendant is here complaining.

Rosen had been renting the storeroom from Mrs. Sachs for several years, one or more years at a time, paying the rent monthly in advance, and his last lease expired on April 5, 1924. Rosen contends that late in January, or early in February, 1924, Mrs. Sachs, acting through Samuel M. Sachs, her son and duly authorized agent, made with him a verbal lease for the property, for the term of two years, commencing at the expiration of the old lease on April 5, 1924, at $65.00 per month. Mrs. Sachs avers that her son was not authorized to act for her and that she has not leased Rosen the store for any term beyond April 5, 1924.

Mrs. Sachs also relied on the statute of frauds, maintaining that if the contract were made as contended, it was not to be performed within one year and was therefore void.

The assignments of error are the action of the court in giving plaintiff's instruction No. 1, in refusing instructions B and D, asked for by the defendant, and in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

The instructions are as follows:

No. 1. "The court instructs the jury that even though they believe from the evidence that Samuel Sachs was the agent of the plaintiff, Mrs. Sachs, in the renting of the property in the summons mentioned, yet if they believe from the evidence that said Samuel Sachs made an oral contract with the defendant to rent him said premises for a period of two years at a monthly rental of $65.00, and that such oral contract was made in the latter part of January or the first part of February, 1924, for the said term of two years, to commence April the 5th, 1924, then such contract is void under the statute of frauds and the jury should find a. verdict in favor of the plaintiff."

B. "The court further instructs the jury that if they believe from the evidence in this case that S. M. Sachs was the agent of Mrs. Henrietta Sachs in dealing with the defendant, Rosen, as to the rental of the property occupied by him, and that the said S. M. Sachs, acting as said agent of Mrs. Henrietta Sachs, leased the premises to Rosen for a term of two years at a rental of $65.00 per month, then they must find a verdict in favor of the defendant Rosen."

D. "The court further instructs the jury that under the law a lease for two years of real estate may be made verbally and without any writing, and that such a lease, if proven to be made, is as valid and binding as a written lease."

The statute of frauds, section 5561, Code of 1919, provides, in part, as follows: "No action shall be brought in any of the following cases:     *     *     *

"Sixth, upon any contract for the sale of real estate, or for the lease thereof, for more than a year; or,

"Seventh, upon any agreement that is not to be performed within a year;

"Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing signed by the party to be charged thereby or his agent     *     *     * ."

Section 5141, in chapter 208, on creation and limitation of estates, Code of 1919, provides that "no estate of inheritance or freehold, or for a term of more than five years, in lands, shall be conveyed unless by deed or will.     *     *     * "

The plaintiff in error raises in his petition and argues with great ability the propositions, that a parol lease of land for two years, the term of which is to commence two months after the making of the lease, is not void under the statute of frauds; and that when

the lease is actually made for a term not to exceed five years, the fact that the term commences *in futuro* does not bring it within the seventh section of the statute.

In our view of the case it will be unnecessary for us to consider the questions raised as to the validity of a parol lease of lands for more than one year.

A careful examination of the evidence satisfies us that Rosen has failed to prove that a lease, for the storeroom, was entered into by Mrs. Sachs. Admitting all of Rosen's testimony to be true, it only shows that Samuel Sachs promised to get a lease from his mother, who was the owner of the property, at $65.00 per month, for a term of two years, and failed to do so. Nothing was done by the parties to create the relation of landlord and tenant. When asked: "What did you understand young Mr. Sachs to mean when he said: 'All right, I will get you a lease,' "Rosen answered "My understanding was that I have a lease, he meant what he said." Rosen also testified that he said to young Sachs: "I will take a two year lease at $65.00," and that Sachs said: "I will bring in the lease."

Lamar Savedge, the only witness present at the interview, testified that "Mr. Rosen said he would take a lease for two years at $65.00," and Mr. Sachs said: "All right, I will bring in a lease for two years." It is apparent that both parties understood that further action was necessary before the contract could be considered closed.

Samuel Sachs testified that he had no authority to rent the property without his mother's approval; that he promised Rosen to try to secure a lease for him at $65.00 per month, but that no completed contract was ever made. It appears, without contradiction, that young Sachs saw his mother and she had him prepare

a written lease for the property for one year at $68.00 per month, which young Sachs took to Rosen who refused to accept it.

Under the evidence, no other verdict could have been properly rendered and it is therefore immaterial whether or not the court erred in giving and refusing instructions.

The judgment will be affirmed.

*Affirmed.*